CALEB R. TROTTER, SBN 305195
CTrotter@pacificlegal.org
DONNA G. MATIAS, SBN 154268
DMatias@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
(916) 419-7111
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

WAVEHUGGERS LLC, and HELINA BECK,

        Plaintiffs,

      v.

ARMANDO QUINTERO, in his official capacity as Director of the California Department of Parks and Recreation,

        Defendant.

No. **'25CV2215 RSH VET**

**COMPLAINT**

## INTRODUCTION

1. Surfing is life for Plaintiff Helina Beck. A native of Palos Verdes in Los Angeles County, Helina has surfed since she was a little girl when her professional-surfer sister first taught her. By the time she was in high school, she was competing on her school's surf team and teaching lessons in the summer.

2. Helina's love for surfing carried over to college, where she continued teaching lessons part time and competed on the surf team at Cal State San Marcos. During school breaks, she traveled the world in search of surf breaks. Upon graduating with a degree in psychology, Helina decided to start a surf school to not

Complaint            1           No._____

only teach people how to surf, but to also connect people to the ocean as a form of spiritual growth and healing while motivating them to protect it.

3. Founded in 2013 in northern San Diego County, Plaintiff Wavehuggers LLC now employs 12 regular instructors year-round—and up to 30 instructors during peak months—and has provided surf lessons for more than 12,000 people throughout southern California.

4. By all accounts, Wavehuggers, with its local ties and unique philosophy, is an in-demand surf school with eager customers.

5. Yet a regulation enforced by the California Department of Parks and Recreation (State Parks) puts Wavehuggers' business at risk by placing several northern San Diego County beaches ideal for instructing beginners off-limits.

6. That regulation prohibits "soliciting" on State Parks beaches without a contract with State Parks. Cal. Code Regs. tit. 14, § 4331. After refusing to consider Helina or Wavehuggers for a contract—and in fact, only two surf instruction businesses have obtained a contract for the relevant beaches in the last 17 years—State Parks recently ordered Wavehuggers to cease and desist from giving surf lessons.

7. Aside from being unfair, State Parks' actions are also unconstitutional. Under the First Amendment to the United States Constitution, State Parks cannot prohibit Wavehuggers and Ms. Beck from instructing others on how to surf. After all, surf lessons involve the spoken word, demonstrations, and individualized guidance. The Fourteenth Amendment to the U.S. Constitution also prohibits State Parks from favoring certain similar beach activities over others.

8. Wavehuggers and Ms. Beck therefore seek to vindicate their constitutional rights and ensure that they can lawfully pursue the right to earn a living by teaching others how to surf.

Complaint        2        No._____

**JURISDICTION AND VENUE**

9.    This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred or will occur in this District.

**PARTIES**

11.    Plaintiff Wavehuggers LLC is a California-registered Limited Liability Company with a principal location in San Diego County, California. Wavehuggers offers surfing instruction to the public in southern California, including in San Diego County.

12.    Plaintiff Helina Beck is a United States citizen and resident of San Diego County, California. Ms. Beck is the founder, owner, and Chief Executive Officer of Wavehuggers LLC. Ms. Beck is also a professional surfing instructor in southern California, including in San Diego County.

13.    Defendant Armando Quintero is the Director of the California Department of Parks and Recreation, which is responsible for enforcing Cal. Code Regs. tit. 14, § 4331. Mr. Quintero is sued in his official capacity.

**FACTUAL ALLEGATIONS**

**State Parks' Restriction on Paid Surfing Lessons**

14.    Deriving authority from Cal. Pub. Res. Code § 5003, Cal. Code Regs. tit. 14, § 4331 (Regulation) regulates "soliciting" within any State Parks "unit."

15.    Specifically, the Regulation states that "[n]o person shall solicit, sell, hawk, or peddle any goods, wares, merchandise, services, liquids, or edibles for

Complaint                                3                      No._____

human consumption or distribute circulars in any unit, except as permitted by" State Parks. Cal. Code Regs. tit. 14, § 4331.

16.    The Regulation's solicitation prohibition "include[s] sales activities that utilize park property or facilities to complete the terms of sale or provide a service as a result of the sale or that effect park operations, facility use or visitor safety." *Id*. The Regulation also prohibits "sales activities which encroach on the sales rights of a vendor authorized to sell such products, or services pursuant to a concession contract with" State Parks. *Id*.

17.    State Parks considers teaching others how to surf in exchange for a fee to be a prohibited "sales activity" under the Regulation if the instructor or instructor's employer lacks an agreement with State Parks.

18.    The Regulation does not set out any criteria or procedure for obtaining a permit, agreement, or concession contract with State Parks officials to provide surf lessons in exchange for compensation on state beaches.

19.    Nor is any criteria or procedure for obtaining a permit, agreement, or concession contract with State Parks officials to provide surf lessons in exchange for compensation on state beaches readily available elsewhere. On the individual websites for Carlsbad,[1] South Carlsbad,[2] and Cardiff State Beaches,[3] for example, parties interested in obtaining information for a concession contract are directed to an email address with State Parks' San Diego Coast District.

### State Parks Actively Enforces the Regulation

20.    State beaches under the jurisdiction of State Parks, including Carlsbad, South Carlsbad, and Cardiff State Beaches, are "units" covered by the Regulation.

21.    Carlsbad, South Carlsbad, and Cardiff State Beaches are ideal for teaching beginners how to surf in the northern San Diego County area because they

---

[1] https://www.parks.ca.gov/?page_id=653.
[2] https://www.parks.ca.gov/?page_id=660.
[3] https://www.parks.ca.gov/?page_id=656.

Complaint                                    4                         No._____

are large beaches with gentle surf for most of the year and are relatively unfrequented by tourists.

22.    Despite Carlsbad, South Carlsbad, and Cardiff State Beaches being large and ideal beaches for providing surf instruction, since approximately 2008 only two surf schools have had an agreement with State Parks to provide paid surf lessons at all three beaches.

23.    Today, only one school has a contract with State Parks to provide surf lessons at those beaches.

24.    Even though local State Parks officials informed Plaintiff Helina Beck that only one school is authorized to provide surf instruction at Carlsbad, South Carlsbad, and Cardiff State Beaches, the school is only listed as a concessionaire for Carlsbad State Beach. *See supra* n.1. No surf school is listed as a concessionaire for South Carlsbad or Cardiff. *See supra* n.2–3.

25.    On several occasions since 2021, and as recently as March 2025, Ms. Beck inquired with local State Parks officials to obtain a permit, agreement, or concession contract pursuant to the Regulation to teach surf lessons at any of Carlsbad, South Carlsbad, or Cardiff State Beaches. She was rebuffed each time.

26.    Since at least 2007, local State Parks officials have refused to open any process for surf instructors to obtain a permit, agreement, or concession contract with State Parks to offer lessons on Carlsbad, South Carlsbad, or Cardiff State Beaches despite inquiries from Ms. Beck.

27.    Neither the Regulation, nor the Cal. Pub. Res. Code, require State Parks to open any process for surf instructors to obtain a permit, agreement, or concession contract with State Parks to offer surf lessons on state beaches.

28.    In March 2025, State Parks directly enforced the Regulation against Plaintiffs with a cease-and-desist letter for allegedly teaching paid surf lessons at Carlsbad and Cardiff State Beaches without a permit, agreement, or concession contract with State Parks. *See* Exhibit A.

Complaint                              5                    No._____

29. Within the cease-and-desist letter, State Parks invited Ms. Beck to contact local State Parks officials "to discuss the possibility of receiving a concession contract to operate on San Diego State Beaches." The officials she was invited to contact are the same that have rebuffed her every attempt to obtain such a contract.

30. The letter also cited Cal. Pub. Res. Code § 5080.03 as authority for the type of contract Plaintiffs need to provide surf lessons on state beaches. But providing surf lessons are not a "concession" as contemplated by section 5080.03.

31. In any event, State Parks retains full discretion under section 5080.03 as to whether to offer a concession contract, and for contracts for a term of less than three years the Public Resources Code provides no criteria for State Parks officials to follow in considering potential contractors. *See id*. at §§ 5080.06, 5080.14.

32. Between the Regulation, the Cal. Pub. Res. Code, and State Parks' enforcement of each, State Parks has unbridled discretion in granting a permit, agreement, or contract to prospective surf instructors like Plaintiffs.

**33.** Plaintiffs and other instructors have been threatened with citations by State Parks officials for teaching surf lessons on state beaches without a contract with State Parks.

### Helina Beck and Wavehuggers

34. Ms. Beck began surfing when she was eight years old. Growing up in Palos Verdes, California, and having a professional surfer for a sister, being drawn to the water was natural. Over time, her love for surfing grew and the beach became a second home.

35. Eventually, she decided to share her love of surfing with others. She first began teaching lessons as a summer job in high school and she kept teaching as a part-time job in college.

36. Upon matriculating at Cal State San Marcos, Ms. Beck joined the surf team. Aside from competing on the surf team, teaching surf lessons, and furthering

her studies as a psychology major, Ms. Beck spent school breaks pursuing waves around the world. Her travels have taken her to surfing destinations such as Hawaii, Mexico, Nicaragua, Costa Rica, Portugal, El Salvador, and Panama.

37.    Ms. Beck's travels helped shape her view of her role as a surfer. After noticing the human impact on beaches and oceans around the world, it became important to Ms. Beck to encourage others to use beaches and oceans responsibly as good stewards of the environment.

38.    Upon graduating with her degree in psychology in 2013, Ms. Beck considered graduate school. But instead of that traditional path, she decided to start her own surf school. Wedding her experience teaching surfing part-time as a student with her psychology background, she formed Wavehuggers LLC to use surfing as a medium to positively change people's lives and the planet for the better.

39.    The business started small, but now offers individual and group surf lessons, kids' camps, community surf classes, surf therapy programs, beach clean ups, and adventures. Wavehuggers employs twelve regular instructors who provide year-round surfing lessons in San Diego, Orange, and Los Angeles Counties—with up to 30 additional instructors in peak summer months—for surfers of all skill levels and ages. Surf lessons provided by Plaintiffs are thus not merely a commercial service, but also involve educational and therapeutic instruction.

40.    Over the years, Ms. Beck and Wavehuggers have taught over 12,000 individuals from all over the world how to surf.

41.    If not for the Regulation and Defendant's enforcement of it, Ms. Beck and Wavehuggers would offer surfing lessons on state beaches including Carlsbad, South Carlsbad, and Cardiff State Beaches.

42.    Neither Ms. Beck, nor Wavehuggers, solicit individuals for surfing lessons in person on state beaches. Instead, Ms. Beck and Wavehuggers market surf lessons through the Wavehuggers website (https://wavehuggers.com/) and online

advertisements. When a customer books a surf lesson through those channels, the lesson then takes place on an appropriate beach.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs' First Amendment Right to Freedom of Speech

### (42 U.S.C. § 1983)

43.    Plaintiffs reallege and incorporate by reference all allegations contained in the previous paragraphs.

44.    The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, protects Plaintiffs' ability to teach others how to surf, even when done on state beaches.

45.    On its face and as enforced by Defendant, the Regulation prohibits Plaintiffs from teaching others how to surf on state beaches in exchange for compensation.

46.    Prohibiting Plaintiffs from teaching others how to surf is not just a commercial regulation. The Regulation plainly suppresses Plaintiffs' speech in educational, professional, and therapeutic contexts.

47.    The Regulation serves as a prior restraint on Plaintiffs' speech. The Regulation includes no criteria upon which State Parks officials are to decide whether to enter agreements with prospective surf instructors to provide surf instruction on state beaches. The Regulation provides no procedure through which appeals of State Parks decisions can be made and resolved.

48.    Cal. Pub. Res. Code § 5080.03 gives State Parks officials unbridled discretion in whether to open the bidding process. For short-term contracts, the Regulation does not include any criteria upon which State Parks officials are to decide whether to enter agreements with prospective surf instructors to provide surf instruction on state beaches.

49. The Regulation is not a valid time, place, or manner restriction on speech because it is not content-neutral or narrowly tailored to serve a significant governmental interest, nor does it leave open ample alternative channels for Plaintiffs to provide surf instruction on state beaches.

50. By prohibiting Plaintiffs from teaching others to surf on state beaches, Defendant maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiffs of their right to free speech, in violation of the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment and 42 U.S.C. § 1983.

51. Plaintiffs have no adequate remedy at law to compensate for the loss of their freedom of speech and will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of the Regulation's requirement that they refrain from teaching others how to surf on state beaches unless State Parks contracts with them to do so.

52. Plaintiffs are therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the Regulation.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs' Fourteenth Amendment Right to Equal Protection

### (42 U.S.C. § 1983)

53. Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1–42.

54. The Fourteenth Amendment to the U.S. Constitution protects Plaintiffs' right to equal protection under the law and to be free from arbitrary and selective restriction of that right.

55. On its face and as enforced by Defendant, the Regulation creates an arbitrary and irrational distinction between beach uses by singling out paid surf lessons for restriction.

Complaint                                    9                              No._____

56. By restricting paid surf lessons on state beaches, but not unpaid surf lessons, Defendant arbitrarily and irrationally maintains and actively enforces a set of laws, practices, policies, and procedures under color of state law that deprives Plaintiffs of their right to equal protection, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

57. There is no rational basis why an instructor may teach a large group surfing lesson for free, whereas instructors who wish to instruct for a fee must obtain a contract with State Parks before giving a surf lesson to a single individual.

58. The Regulation is not sufficiently tailored to serve a legitimate government interest.

59. Plaintiffs have no adequate remedy at law to compensate for the loss of their right to equal protection under the law due to the Regulation and will suffer irreparable injury absent an injunction prohibiting Defendant's enforcement of the Regulation's restriction on paid-for surf lessons.

60. Plaintiffs are therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the Regulation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A declaration that Cal. Code Regs. tit. 14, § 4331, as applied to Plaintiffs, violates the First and Fourteenth Amendments to the U.S. Constitution;

B. A permanent injunction restraining Defendant and Defendant's officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendant from enforcing Cal. Code Regs. tit. 14, § 4331 against Plaintiffs and all others who teach surfing lessons on state beaches;

C. An award of attorney fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

D. Any further relief as the Court may deem just, necessary, or proper.

Complaint                                    10                          No._____

DATED: August 27, 2025.

Respectfully submitted,
CALEB R. TROTTER, SBN 305195
DONNA G. MATIAS, SBN 154268

By     *s/ Caleb R. Trotter*
       CALEB R. TROTTER

*Attorneys for Plaintiffs Wavehuggers LLC and Helina Beck*
Email: CTrotter@pacificlegal.org

---

Complaint            11            No._____